# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| DEMETRIC DEANGELO ADKINS, | ) | |
| Petitioner, | ) ) ) | |
| | ) | Case No. CV409-204 |
| THOMAS AMMONS, *Warden*, | ) ) ) | |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Petitioner Demetric Deangelo Adkins, an inmate at Autry State Prison in Pelham, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion to proceed in forma pauperis. (Docs. 1 & 2.) Petitioner appears to lack sufficient resources to pay the filing fee, so his motion to proceed in forma pauperis is **GRANTED**. But because it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the case should be summarily dismissed pursuant to Rule 4, Rules Governing Section 2254 Cases.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to include a one-year statute of limitations for habeas corpus petitions filed by state prisoners. 28

U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, ___ U.S. ___, 129 S. Ct. 681, 685 (2009). A state criminal judgment becomes final "'on the date on which the [United States] Supreme Court issues a decision on the merits or denies certiorari, or . . . on the date on which defendant's time for filing such a petition expires.'" *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (*quoting Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)); *Jimenez*, 129 S. Ct. at 685.

The one-year limitations period is tolled, however, when a state prisoner properly files an application for state collateral review. 28 U.S.C. § 2244(d)(2); *see Ford v. Moore*, 296 F.3d 1035, 1036-37 (11th Cir. 2002) (statute of limitations tolled while state prisoner sought state habeas corpus relief). Although the filing of a state habeas action tolls the one-year limitations period, it does not reset the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state habeas petition filed after the AEDPA limitations period has expired cannot toll the statute of limitations because there is no time left to toll).

2

That is, the days between the date upon which the conviction became final and the beginning of state habeas review are counted toward the limitations period.

Here, petitioner was convicted of malice murder and aggravated assault in the Chatham County Superior Court on October 17, 2003.[1] (Doc. 1 at 1.) The Supreme Court of Georgia affirmed his conviction and sentence on November 20, 2006. *Adkins v. State*, 281 Ga. 301 (2006). Adkins "was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the [state] Supreme Court." *Bond*, 309 F.3d at 774 (citing Sup. Ct. R. 13.1). He did not.[2] (Doc. 1 at 3.) Consequently, his judgment became final, and the one-year § 2254 limitations period accrued, on February 19, 2007, when his time for filing a petition for certiorari to the United States Supreme Court expired.[3]

---

[1] Adkins was convicted on October 17, 2003, but he states that he was sentenced to "life plus 20 years consecutive" on October 17, *2009*. (Doc. 1 at 1.) It is a typographical error. The sentencing occurred well in advance of the appeal to the Georgia Supreme Court. On November 20, 2006, that court noted that Adkins had been sentenced to "life imprisonment for malice murder, plus a consecutive twenty years for aggravated assault." *Adkins*, 281 Ga. at 301.

[2] He indicates, however, that he attempted to do so several months out of time. (Doc. 1 at 14.)

[3] The ninetieth day after the Georgia Supreme Court decision fell on Sunday,

3

Petitioner sought collateral relief in state Court on May 1, 2007. (*Id.*) Seventy-one countable days had elapsed between the date that his criminal case became final (February 19, 2007) and the date that he filed his state habeas petition (May 1, 2007). His state habeas petition was denied on December 15, 2008, and his application for a certificate of probable cause to appeal the state habeas court's determination was denied as untimely filed on March 16, 2009.[4] (*Id.* at 14.) Since the Georgia Supreme Court dismissed the application as untimely filed, Adkins's state habeas proceedings concluded on January 14, 2009 -- 30 days after the state habeas court denied his petition. O.C.G.A. § 9-14-52. Thus, 351 countable had days elapsed between the date that his state habeas case became final (January 14, 2009) and the filing of this federal habeas petition (December 31, 2009). (Doc. 1 at 16.)

In total, 422 countable days (71 + 351) elapsed -- 57 days beyond the 365 day limitations period. Petitioner suggests, however, that the limitations period should be equitably tolled since his appointed appellate

---

February 18, 2007. Accordingly, petitioner had until Monday, February 19, 2007, to file his petition for certiorari.

[4] He moved for reconsideration, but that motion was denied without explanation on April 10, 2009. (Doc. 1 at 14.)

4

counsel failed to offer him sufficient guidance on future filing deadlines and the Georgia Supreme Court did not apply the prison mailbox rule to his application for a certificate of probable cause to appeal the state habeas court's ruling. (Doc. 1 at 14.) His argument is without merit.

The AEDPA period of limitation may be subject to equitable tolling only in cases "when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Downs v. McNeil*, 520 F.3d 1311, 1319 (11th Cir. 2008) (*quoting Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). The petitioner, who bears the burden of establishing equitable tolling, must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Johnson v. Fla. Dep't of Corrs.*, 513 F.3d 1328, 1333 (11th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "'Equitable tolling is an extraordinary remedy that must be applied sparingly' for '[a] truly extreme case.'" *Melson v. Allen*, 548 F.3d 993, 1001 (11th Cir. 2008) (citing *Holland v. Florida*, 539 F.3d 1334, 1338 (11th Cir.2008) (per curiam)). Moreover, "[a]ttorney negligence, even gross negligence, does not warrant equitable tolling." *Id.* There must

be "an allegation and proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part" in order for a court to find there was such egregious attorney misconduct that a petitioner is entitled to equitable tolling. *Holland*, 539 F.3d at 1339.

Here, petitioner makes no mention of any egregious attorney misconduct. His allegation that his "Court Appointed appellate counsel gave him no guidance on any future filings" is unpersuasive. (Doc. 1 at 14.) He knew he was proceeding pro se after direct appeal and could have discovered the filing deadlines in the same manner as countless other convicts. Moreover, petitioner was aware that the Georgia Supreme Court would not consider his application for certificate of probable cause after its April 10, 2009, denial on reconsideration. (*Id.* at 14.) Had he proceeded with diligence after that ruling, he still could have filed a timely federal habeas petition into the first week of November, 2009. His failure to do so shows a lack of diligence that precludes equitable tolling of the limitations period.[5]

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of limitation *sua sponte* and dismiss those actions

---

[5] The Court recognizes that Adkins'

that are time-barred. *Jackson v. Sec'y for Dept. of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition is untimely, it should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this <u>14th</u> day of January, 2010.

s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
